UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PHILLIP KESSLER,

     Petitioner,

v.                                      Case No. 4:19cv468-MW-HTC

SECRETARY OF THE FLORIDA
 DEPARTMENT OF CORRECTIONS,

     Respondent.
_____/

## ORDER AND REPORT AND RECOMMENDATION

Petitioner, Phillip M. Kessler, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 challenging his conviction in the circuit court of Leon County, Florida, 2011 CF 3412, for four (4) counts of unlawful use of computer service to solicit a child to engage in illegal sexual conduct. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After considering the petition, the State's response (ECF Doc. 27), and Petitioner's reply (ECF Doc. 29), the undersigned recommends the petition be DENIED without an evidentiary hearing.

## I.    BACKGROUND

### A.    Offense and Conviction

In October of 2011, Petitioner was a 38-year-old Air Force National Guardsman stationed at Tyndall Air Force Base ("Tyndall AFB") in the Panama City area.  ECF Doc. 22-5 at 280.  On October 19, 2011, he was arrested as part of a sting operation conducted by members of the Tallahassee Police Department ("TPD") and other agencies, targeting individuals who solicit young children for sex over the Internet.

Petitioner's involvement in the sting operation began with his response to an October 11, 2011, 3:11 p.m. EST, post by an undercover investigator with the TPD, Russell Huston.  Investigator Huston had placed a post on a popular e-commerce website in the "casual encounters" section of Panama City, FL.  This section is used by individuals looking for sex, and the title of the post stated, "Do u wanna b my 1st??? - w4m – 99."  ECF Doc. 22-2 at 158; ECF Doc. 22-5 at 55.  Petitioner responded to the post within minutes.  In Investigator Huston's first email to Petitioner, Huston told Petitioner he was a 14-year-old girl named Amber.  Despite that information, Petitioner persisted in soliciting the purported minor child to meet for sex.[1]

---

[1] Printouts of the full emails and texts are found in ECF Doc. 22-2 at 158-85.  Investigator Huston also described his interactions with Petitioner at trial.  Trial Transcript, ECF Doc. 22-5 at 61-168.

Petitioner described various illegal sexual acts he would like to perform with the purported minor child, ECF Doc. 22-2 at 160-77, and discussed arrangements for him to visit and for the two to engage in sexual conduct. *Id.* In these conversations, Petitioner described himself as a "clean cut, nice looking military guy" and sent a picture of himself in military attire, ECF Doc. 22-5 at 72-27 & 88; ECF Doc. 22-2 at 248. He also provided a phone number to a prepaid phone. ECF Doc. 22-5 at 182 & 212. Although Petitioner promised to travel to engage in sex with the minor on two occasions, he did not go either time. ECF Doc. 22-5 at 90.

As part of the TPD investigation and through legal process, Investigator Huston associated Petitioner with the Tyndall AFB Area. ECF Doc. 22-2 at 21; ECF Doc. 22-5 at 86. Investigator Huston sent the picture of Petitioner that Petitioner provided to the Office of Special Investigations ("OSI") to see if they could identify the individual from their base. ECF Doc. 22-5 at 228.

The OSI agents identified Petitioner as a full-time Air Force National Guardsman at Tyndall AFB and after locating him, brought him to the office of the OSI at the AFB, ECF Doc. 22-2 at 23, where he was interviewed first by TPD Investigator Huston and Florida Department of Law Enforcement ("FDLE") Agent Chad Hoffman and then by OSI agents. ECF Docs. 22-2 at 23-24 and 22-5 at 229-30. A recording of that interview, in which Petitioner made many inculpatory admissions, was played for the jury at trial. ECF Doc. 22-5 at 96-154. After the

interview, OSI agents arrested Petitioner and transported him to the Bay County Jail. ECF Doc. 22-2 at 24.

Petitioner was charged in an Eighth Amended Information with four (4) counts of "Unlawful Use of Computer Service" in violation of Fla. Stat. § 847.0135(3)(a). ECF Doc. 22-1 at 38. Each count was identical except for the date on which Petitioner was alleged to have solicited a person he believed to be a minor to commit "Lewd and Lascivious Battery, Lewd and Lascivious Molestation, Lewd and Lascivious Conduct, and/or Sexual Battery; or to otherwise engage in unlawful sexual conduct." *Id.* The dates at issue were October 11, 12, 13 and 18, 2011.

A trial was conducted on March 10, 12-13, 2014, and a jury found Petitioner guilty on all four (4) counts. On September 3, 2014, the state court sentenced Petitioner as follows: (1) 60 months on count 1; (2) 24 months consecutive on count 2, followed by 3 years sex offender probation; (3) five years sex offender probation consecutive to probation in count 2 on count 3; and (4) five years sex offender probation concurrent with count 3 on count 4. ECF Doc. 22-2 at 134. Thus, the state court sentenced Petitioner to 84 months' imprisonment followed by 8 years sex

offender probation.[2]  *Id.*  The judge also imposed fourteen (14) special conditions of probation which Petitioner challenges in Ground Four.

### B.     Postconviction Procedural History and Timeliness

Generally, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one (1) year from when the judgment becomes final to file an application for habeas relief.  28 U.S.C. § 2244(d)(1).  Such time is tolled by the filing and pendency of post-conviction motions, such as a Rule 3.800 or 3.850 motion.  28 U.S.C. § 2244(d)(2).  As discussed below, the instant petition is timely.

Petitioner filed a direct appeal of his conviction and sentence and, on May 17, 2016, the First District Court of Appeals ("First DCA") affirmed the judgment, *per curiam* and without written opinion.  *See* 1D14-4045; ECF Doc. 22-6 at 143. Petitioner did not seek review in United States Supreme Court.  ECF Doc. 1 at 3-4. Before Petitioner's judgment became final[3], however, Petitioner filed a "Motion to Correct, Modify, Reduction" [sic] his sentence pursuant to Fla. R. Crim. P. 3.800(c).

---

[2] Petitioner completed his period of incarceration on February 20, 2020, and is currently on sex offender probation. *See* http://www.dc.state.fl.us/offenderSearch/ (search with Petitioner's FDOC number, N28544, last conducted February 22, 2022).   Despite Petitioner's release from incarceration, Petitioner continues to meet the "in custody" requirement of 28 U.S.C. § 2254 because he remains subject to sex offender probation. *See Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982) ("the custody requirement may be met where a § 2254 petitioner is on probation, parole, or bail"); *Hamner v. Deputy of Sec'y of Fla. Dep't of Corr.,* 438 F. App'x 875, 877 (11th Cir. 2011) (holding petitioner who remained subject to sex offender probation satisfied the in-custody requirement).   Indeed, in Petitioner's motion for status update, he states he continues to seek habeas relief because he is subject to "severe probation conditions".  ECF Doc. 30 at 1.

[3] Petitioner's judgment became final on August 15, 2016, ninety (90) days after the First DCA's written opinion. *See Chamblee v. Fla.*, 905 F.3d 1192, 1198 (11th Cir. 2018).

ECF Doc. 22-6 at 153. The circuit court denied the motion on August 24, 2016. *Id.* at 192.

Less than a month later, on September 19, 2016, Petitioner filed a "Motion to Vacate Judgement and Sentence", pursuant to Fla. R. Crim. P. 3.850. *Id.* at 198. After several amendments and an evidentiary hearing, the state court denied the motion. Because Petitioner appealed the state court's denial to the First DCA, the motion tolled the AEDPA clock until July 30, 2019, when the First DCA issued its mandating affirming the state court's denial of the motion. ECF Doc. 22-8 at 40. Petitioner filed the federal petition within two months, on September 19, 2019. ECF Doc. 1. Thus, the instant petition is timely filed.

## II.   LEGAL STANDARDS

The AEDPA governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Under that Act, relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). A state court's violation of state law is

not enough to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. *White*, 134 S. Ct. at 1702; *Casey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).  Habeas relief is appropriate only if the state court decision was "contrary to, or an unreasonable application of," that federal law.  28 U.S.C. § 2254(d)(1).  A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply

or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "[T]his standard is difficult to meet because it was meant to be." *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2558 (2018).

Finally, when reviewing a claim under 28 U.S.C. § 2254(d), a federal court must remember that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."   28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.").

## III.   DISCUSSION

### A.   Ground One: Trial Court Error in Denying Motion to Suppress

In Ground One, Petitioner argues the trial court should have suppressed "[a]ll evidence created (interrogation recording) and collected [and] used in the conviction of the Petitioner" because Investigator Huston violated the Posse Comitatus Act[4] by

---

[4] The Posse Comitatus Act, 18 U.S.C. § 1385, limits the ability of the federal government to use federal military personnel to enforce domestic policies.

using military agents on the Base to "canvass, frisk, collect evidence, interrogate and arrest" him and Investigator Huston acted outside the scope of his territorial jurisdiction. ECF Doc. 1 at 9.

The undersigned agrees with the Secretary that Petitioner is not entitled to relief on either of these claims. First, Petitioner did not exhaust these claims and is now procedurally barred from doing so. Second, even if the claims had been exhausted, Petitioner had an opportunity for full and fair litigation of these claims. Third, the claims fail on the merits.

### 1.    Failure to exhaust and procedural default

Issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted prior to their consideration on the merits. *See Anderson v. Harless*, 459 U.S. 4 (1982); *see also Hutchings v. Wainwright*, 715 F.2d 512 (11th Cir. 1983). Exhaustion requires that a claim be pursued in the state courts through the entire appellate process. *See Leonard v. Wainwright*, 601 F.2d 807 (5th Cir. 1979). Also, both the factual substance of a claim and the federal constitutional issue itself must have been expressly presented to the state courts to achieve exhaustion for purposes of federal habeas corpus review. *See Baldwin v. Reese*, 541 U.S. 27 (2004).

In Florida, a claim that the trial court erred in denying a motion to suppress should be raised on direct appeal. *Suggs v. State*, 923 So. 2d 419, 439 (Fla. 2005)

(affirming procedural bar of defendant's challenge to particularity of warrants issued to allow search of his home and vehicle and holding, "[a]ny challenge to the denial of the motion to suppress should have been raised on direct appeal. Since the particularity allegation was not raised on direct appeal, we agree with the postconviction court that this claim is procedurally barred."); *Miller v. State*, 926 So.2d 1243, 1260 (Fla.2006) ("[A] claim that could and should have been raised on direct appeal is procedurally barred.").

a.    Posse Comitatus Act Argument

Petitioner raised both the Posse Comitatus Act and territorial jurisdiction claims in a November 12, 2013, second amended motion to suppress before the state court, and at a pretrial hearing. ECF Doc. 22-1 at 102. The court held a hearing on the motion and, after taking testimony, subsequently denied relief on those arguments. Petitioner, however, admits in the petition he did not raise the Posse Comitatus argument on direct appeal. ECF Doc. 1 at 9. A review of Petitioner's appellate brief confirms this was not one of the three (3) issues Petitioner raised on appeal. Init. App. Brief, ECF Doc. 22-6 at 51.

Instead, in the reply, Petitioner argues he exhausted this claim by raising it in an amended 3.850 motion. The undersigned disagrees. As Petitioner acknowledges, the claim he raised in the September 19, 2016, 3.850 motion was an ineffective assistance of counsel claim, not a trial court error claim. ECF Doc. 29 at 7. In the

motion, Petitioner argued "the Posse Comitatus Act was improperly argued by counsel during a motion to suppress evidence hearing." *Id.* A claim of ineffective assistance of counsel is not sufficient to exhaust a claim of trial court error. *See Lefroy v. Sec'y for Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 n.24 (11th Cir. 2005) (noting that a substantive claim is "separate and distinct" from an ineffective assistance claim based on the substantive claim); *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) (distinguishing an ineffective assistance claim based on counsel's failure to object to a jury instruction from a substantive due process claim challenging the trial court's instruction of the jury).

Petitioner states he is seeking "now to correct the error" and have the Court construe the argument raised in the petition as one of ineffective assistance of counsel, rather than trial court error. ECF Doc. 29 at 7. Petitioner, however, cannot amend his petition through a reply. *Jackson v. Sec'y, Dep't of Corr.*, 2019 WL 8646045, at *2 (11th Cir. Oct. 30, 2019) ("new claim presented for the first time in his reply brief . . . was not properly raised before the district court, even if it was exhausted in his state habeas proceedings.") (citing *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005).

Regardless, as set forth below, even if the claim was exhausted it fails on the merits regardless of whether it is construed as an ineffective assistance of counsel claim or a trial court error claim.

Although not argued by Petitioner, as the Secretary points out, Petitioner also raised this claim in his second successive 3.850 motion. However, the state court denied the claim as procedurally barred. Specifically, the trial court found Petitioner could have raised the claim at trial, on direct appeal, or in an earlier post-conviction motion.[5] This Court will not consider a claim that was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See Coleman v. Thompson*, 501 U.S. 722, 734–35 & n.1 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts.").

  b. Territorial Jurisdiction Argument

As stated above, Petitioner argued in the motion to suppress that Investigator Huston acted outside his territorial jurisdiction when he investigated and arrested Petitioner in Panama City. Unlike the Posse Comitatus Act argument, Petitioner raised this claim in his direct appeal. ECF Doc. 22-6 at 70-71. Petitioner, however, raised the claim solely as a state law claim and not a federal claim. Thus, Petitioner did not exhaust this claim.

---

[5] Although the trial court also rejected the argument on the merits, the First DCA affirmed, *per curiam* and without written opinion, and this Court should presume that the First DCA followed the procedural rule. ECF Doc. 22-9 at 222. *See, e.g., Bennett v. Fortner*, 863 F.2d 804, 807 (11th Cir. 1989) ("This circuit to a point has presumed that when a procedural default is asserted on appeal and the state appellate court has not clearly indicated that in affirming it is reaching the merits, the state court's opinion is based on the procedural default.").

In Petitioner's initial brief, with the exception of a single footnote, Petitioner relied solely on state law and cited only state cases to support this claim. ECF Doc. 22-6 at 72. In footnote eight, Petitioner states, "The trial court's error in denying the motion to suppress resulted in Appellant Kessler being denied his constitutional right to a fair trial. *See* U.S. Const. amends. V & XIV; art. I, § 9, Fla. Const." *Id.* at 72 n.8. Petitioner's vague references to the Constitution in this footnote, however, are not sufficient satisfy the exhaustion requirement. Instead, they are "exactly the type of needles in the haystack that [the Eleventh Circuit has] previously held are insufficient to satisfy the exhaustion requirement." *McNair v. Campbell,* 416 F.3d 1291, 1303–04 (11th Cir. 2005) (citing *Kelley v. Secretary,* 377 F.3d 1317, 1344-50 (11th Cir. 2004)).; *see also, Ward v. Sec'y, Dep't of Corr.*, 2019 WL 10369038, at *20 (N.D. Fla. Oct. 10, 2019), *report and recommendation adopted*, 2020 WL 5441566 (N.D. Fla. Sept. 10, 2020) (Petitioner did not present claim as federal claim when "only reference to federal law was buried in a string citation tacked onto this blanket statement that 'A mistrial should have been granted.'"). Therefore, Petitioner did not exhaust any part of Ground One and these claims are procedurally defaulted because Petitioner cannot return to state court to exhaust these claims.[6] *See* Fla. R.

---

[6] There are two exceptions to a procedural default: cause and prejudice and fundamental miscarriage of justice. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Petitioner has not alleged any facts sufficient to invoke either extraordinary exception. The arguments raised in the petition go to "legal" rather than "actual" innocence.

App. P. 9.140(b)(3) (notice of direct appeal must be filed "at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence"); *Medrano v. State*, 748 So. 2d 986, 987 (Fla. 1999) (discussing "two-year window for submission of a motion under Florida Rule of Criminal Procedure 3.850"); Fla. R. Crim. P. 3.850(b) (defendant must file a Rule 3.850 motion within two years after his "judgment and sentence become final").

    2.    <u>Federal habeas review of state court's denial of motion to suppress is barred because the State provided Petitioner an opportunity for full and fair litigation of Petitioner's motion</u>

Even if the claims had been exhausted, they are barred from federal habeas review. In *Stone v. Powell*, 428 U.S. 465, 494 (1976), the United States Supreme Court determined that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." In applying *Stone*, the Eleventh Circuit has interpreted "full and fair consideration" to "require consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court" when a factual dispute exists. *Mincey v. Head*, 206 F.3d 1106, 1125 (11th Cir. 2000) (citations omitted).

---

*Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). In fact, Petitioner admits "[t]o any extent that Petitioner maintains a miscarriage of justice due to actual innocence, he has not shown such at this stage." ECF Doc. 29 at 3.

Case No. 4:19cv468-MW-HTC

As detailed in the Secretary's response, the court held an evidentiary hearing on Petitioner's motion to suppress. ECF Doc. 27 at 23-29. At that hearing, the State presented testimony from officers of the TPD, including Investigator Huston. Petitioner was represented by counsel at that hearing and examined the State's witnesses. The court then heard argument from counsel before denying the motion without prejudice to renewal at trial. On March 3, less than two weeks before trial, the state court conducted a pretrial hearing, where the motion to suppress was argued once again. In fact, the court held a second evidentiary hearing at that time and the defense presented additional witnesses. Thus, Petitioner had a full and fair opportunity to present this Fourth Amendment claim to the state court.

Petitioner also had the opportunity to raise these arguments on appeal and, as stated, above, did so at least with regard to the jurisdiction argument. Consequently, Petitioner cannot circumvent the *Stone* bar to federal habeas review of his Fourth Amendment claim. *See Bradley v. Nagle*, 212 F.3d 559, 564-66 (11th Cir. 2000) ("The Supreme Court ... has held that federal courts are precluded from conducting post-conviction review of Fourth Amendment claims where state courts have provided 'an opportunity for full and fair litigation' of those claims."), *cert. denied*, 531 U.S. 1128 (2001).

### 3.    Ground One fails on the merits

Likewise, even if the claims in Ground One were not procedurally defaulted

or barred from federal habeas review, the claims fail on the merits.

First, Petitioner's Posse Comitatus Act argument has been expressly rejected by the Eleventh Circuit. *See United States v. Bacon*, 851 F.2d 1312, 1314 (11th Cir. 1988). In *Bacon*, an active-duty army investigator assumed an undercover role in working jointly with the Liberty County, Georgia, Sheriff's Department to ferret out a source of some of the cocaine being supplied to both civilians and army personnel in the Fort Stewart–Hinesville, Georgia, area. Army funds were used for some of the undercover drug "buys". State and local funds were used for others. All drugs and other evidence gathered by the Army investigator were turned over to the state and local investigators for evidence in the prosecution of the drug distributor. *Id.*

The Eleventh Circuit rejected an argument that the Posse Comitatus Act was violated and required exclusion of the evidence. As the court explained, "In this case the limited military participation was nothing more than a case of assistance to civilian law enforcement efforts by military personnel and resources. This does not violate the statutory prohibition of the Posse Comitatus Act. Consequently, since there was no violation of 18 U.S.C.A. § 1385, there was no necessity or even justification that required the exclusion of the evidence gathered through the investigation in which the military participated." *Id*. at 1313 ("We hold that assistance by the military in civil investigations, as here, is not a violation of the Posse Comitatus Act in that the military participation in this case did not pervade the

activities of civilian officials, and did not subject the citizenry to the regulatory exercise of military power.")

The *Bacon* panel also noted that even if the participation by military personnel had been considered a violation of the Posse Comitatus Act, such participation did not "require or even justify the application of the exclusionary rule" because "it was not a willful violation of the spirit of the Act; nor did it demonstrate any aggravated or repeated instance of violations." *Id.*; *see also United States v. Wolffs*, 594 F.2d 77, 85 (5th Cir. 1979) (even if Posse Comitatus Act were violated, application of an exclusionary rule is not warranted unless "widespread and repeated violations of the Posse Comitatus Act" are present) (citing *United States v. Walden*, 490 F.2d 372 (4th Cir.), cert. denied, 416 U.S. 983 (1974) (although court found use of marines as undercover investigators violated Navy regulations and spirit, but not letter, of Posse Comitatus Act, exclusionary rule not applied because such an extraordinary remedy not required until such time as repeated cases involving military enforcement of civil laws demonstrates a need for such sanction).

Therefore, the Posse Comitatus Act was not violated in this case, and, even if it were, the application of the exclusionary rule was not required or appropriate.[7]

---

[7] The analysis does not change even were the Court to now treat this argument as one of ineffective assistance of counsel. Counsel's performance cannot be deficient for failing to raise a meritless argument. *See Knowles v. Mirzayance*, 556 U.S. 111, 126-27 (2009) (the law does not require counsel to raise every available non-frivolous defense); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel is not ineffective for failing to raise a non-meritorious objection).

Likewise, Investigator Huston did not exceed his territorial authority when he conducted an investigation in Panama City. Petitioner committed a crime in Tallahassee, which falls within Investigator Huston's jurisdiction. Investigator Huston was, thus, allowed to go outside Tallahassee to conduct his investigation. "[A] municipal police officer, acting as a police officer, may conduct investigations outside the city limits. Such investigations are, however, limited to those situations where the subject matter of the investigation originated inside the city limits." *Wilson v. State*, 403 So. 2d 982, 984 (Fla. 1st DCA 1980) (citing *State v. Chapman*, 376 So.2d 262 (Fla. 3d DCA 1979)).

Also, while Petitioner contends he was arrested by Investigator Huston on Tyndall AFB, that is not correct. Investigator Huston testified Petitioner was picked up by Tyndall AFB OSI agents and brought by them to their office on the Base, where Investigator Huston interviewed him. OSI then arrested Petitioner and delivered him to Bay County Jail; Investigator Huston did arrest him or attempt to execute the arrest warrant he had obtained from Tallahassee. ECF Doc. 22-2 at 28-31 & 39. Petitioner is not entitled to federal habeas relief on Ground One.

**B.    Ground Two: State Used Defective Information to Indict, Prosecute, and Sentence Petitioner**

In Ground Two, Petitioner seeks relief on the ground that The Eighth Amended Information was vague or confusing as it did not include specific times

and facts as demanded in the defense's motion for a statement of particulars. ECF Doc. 1 at 11. The undersigned agrees with the Secretary that Petitioner did not exhaust this claim on direct appeal, in his two petitions for writ of habeas corpus filed in circuit court and the First DCA, or in any of his other postconviction motions. *See* ECF Doc. 27 at 38-44. The undersigned also agrees with the Secretary that this Ground involves only issues of state law which are not appropriate for habeas review. *See id.* at 44-46.

       1.   <u>Petitioner failed to exhaust this issue in state court</u>

Although Petitioner admitted in the petition that this claim was not included in his direct appeal, ECF Doc. 1 at 11, in the reply, Petitioner argues it was raised as Issue 2 of the initial brief. ECF Doc. 29 at 9. Petitioner is incorrect. Issue 2 states, verbatim, as follows:

> Second, the trial court erred by denying Appellant Kessler's motion for a judgment of acquittal. By selecting lewd and lascivious offenses as the offenses the State intended to prove Appellant Kessler solicited another person to commit, the State was required to prove that the victim was actually under the age of sixteen (and the record is clear that the law enforcement officer pretending to be "Amber" was not under the age of sixteen). *See Pamblanco v. State*, 111 So. 3d 249 (5th DCA 2013).

This issue does not even suggest that the Eighth Amended Information was vague. Instead, it goes to the sufficiency of the evidence. Thus, Petitioner did not exhaust this claim in his direct appeal.

Similarly, although Petitioner admits in the petition that he did not raise this issue in a 3.850 motion, ECF Doc. 1 at 11, he appears to argue in the reply that he exhausted this issue because it was raised at the 3.850 hearing, ECF Doc. 29 at 9. Petitioner, however, could not have exhausted this issue through the 3.850 motion because he did not raise the issue on appeal of the denial of the motion. ECF Doc. 22-7 at 213-234. *See Baker v. Dep't of Corr., Sec'y*, 634 F. App'x 689, 692 (11th Cir. 2015) (finding double jeopardy claim was not exhausted in state court because Baker abandoned it on appeal of his 3.850 motion's denial and, thus, did not raise the claim throughout one round of Florida's established appellate review process).

Petitioner also argues in the petition that he exhausted this claim by way of a petition for writ of habeas corpus filed within the First DCA in Case No.: 1D19-5234 and with the trial court. ECF Doc. 1 at 12. This is not correct because both the state courts rejected both petitions on independent and adequate state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 734–35 & n.1 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts.").

The petition filed on December 18, 2018, with the First DCA did not exhaust this issue because the First DCA dismissed it with a citation to *Baker v. State*, 878 So. 2d 1236 (Fla. 2004). *Id.* at 9. One court in this District has stated that the rule stated in *Baker*, that a Florida prisoner may not use a state habeas petition to

collaterally attack his conviction but instead must file a 3.850 motion, is firmly established and consistently followed by the Florida courts and constitutes an independent and adequate state law ground for denial that procedurally bars the claims from federal habeas review. *See Jones v. Crews*, Case No. 3:13cv630/LAC/EMT, 2014 WL 5364176, at *9-11 (N.D. Fla. Oct. 2014).

Likewise, the Petition for Writ of Habeas Corpus filed in circuit court on June 4, 2019, was rejected by the circuit court because its claims should have been brought via a Rule 3.850 motion, and such a motion would have been untimely. ECF Doc. 22-10 at 33. Because the motion was filed more than two years after his conviction became final, the circuit court found that the court "has no jurisdiction to hear his claim." *Id.* Petitioner did not appeal.[8] "[T]he procedural requirements of Florida's Rule 3.850 constitute independent and adequate state grounds" that preclude federal habeas review. *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1261 n. 25 (11th Cir. 2005) (citing *Whiddon v. Dugger*, 894 F.2d 1266, 1267–68 (11th Cir.1990)).

Although not argued by Petitioner, the undersigned also reviewed Petitioner's other post-conviction motions to determine whether this claim was exhausted in those and determined it was not. The following is a discussion of those motions

---

[8] An online list of Petitioner's First DCA cases shows that he filed no appeals in 2019; the only First DCA action was a petition for writ of mandamus filed directly with the First DCA. See: http://onlinedocketsdca.flcourts.org

Page 22 of 34

which included this claim or a similar claim.

Petitioner raised a similar issue in his Motion for Arrest from Judgment, filed August 8, 2017, ECF Doc. 22-8 at 83. The state court struck the motion, however, as procedurally improper because Petitioner was represented by counsel on August 10, 2017. *Id.* at 93. Petitioner did not appeal. Thus, this claim is not subject to habeas review.

In Petitioner's Second Motion for Arrest of Judgment, filed February 16, 2018, he raised the issue of whether Defendant was convicted using a "defective information and using elements which are impossible to constitutionally prove." ECF Doc. 22-9 at 44. The circuit court denied the claims as untimely and on the merits, and the First DCA dismissed the appeal for failure to comply with a court order. Thus, Petitioner did not properly present the issue through a full round of appellate review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

In Petitioner's July 20, 2018, 3.850 motion, Petitioner raised arguments relating to the use of allegedly "defective information" with "elements which are impossible to prove." ECF Doc. 22-9 at 262. The circuit court denied the claim as time-barred, successive and abusive. *Id.* at 274. The First DCA affirmed *per curiam*

and without written opinion.  First DCA Case No.: 1D18-3849.  Once again, because the state found the claim to be procedurally defaulted, the claim is not subject to federal habeas review.

### 2.   Ground Two does not raise a cognizable federal claim

Even if Petitioner had exhausted Ground Two, he would not be entitled to relief because it does not implicate a federal claim.  "The sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction." *DeBenedictis v. Wainwright*, 674 F.2d 841, 842-843 (11th Cir. 1982) (citing *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. 1980); *Meyer v. Estelle*, 621 F.2d 769, 771 (5th Cir. 1980)).  If an indictment or information "specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge." *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998).  "Similarly, if the facts alleged in the [charging document] warrant an inference that the jury found probable cause to support all the necessary elements of the charge, the indictment is not fatally deficient." *Id.*  Thus, the constitutional standard is fulfilled by an information that tracks the wording of the statute as long as the language sets forth the essential elements of the crime. *Sneed v. Fla. Dep't of Corr.*, 496 Fed. Appx. 20, 23-24 (11th Cir. 2012).

The Eighth Amended Information in this case met these standards. It named Petitioner as the defendant, sets out the dates of the offenses, and states the statutory elements needed to be proven for the offenses, thus meeting the minimum requirements for invoking the subject matter jurisdiction of the state circuit court.[9] ECF Doc. 22-1 at 38. Therefore, Petitioner is not entitled to habeas relief on this Ground.

### C. Ground Three: Petitioner Was Not Permitted Expert Psychological Witness to Show Lack of Predisposition in Entrapment Defense

In Ground Three, Petitioner raises two arguments. First, he argues he was entrapped and second, he argues his counsel was ineffective for not presenting at trial an opinion from Dr. Daniel Kitzerow. For the reasons discussed below, the undersigned finds Petitioner is not entitled to relief on this Ground.

### 1. Failure to Exhaust

As stated above, Ground Three consists of two claims, one based on entrapment and one based on counsel's performance. Petitioner did not exhaust the entrapment claim but has exhausted the ineffective assistance of counsel ("IATC") claim.

Petitioner did not raise the entrapment claim in his direct appeal. ECF Doc.

---

[9] Under Florida law, the state circuit courts have jurisdiction over all felonies. § 26.012(2)(d), Fla. Stat.

22-6 at 51.  Although Petitioner raised this claim in his September 19, 2016, 3.850 motion, ECF Doc. 22-6 at 215, the state court denied the claim because it should have been raised on direct appeal.  The court cited *Brown v. State*, 596 So.2d 1026 (Fla. 1992), which the Eleventh Circuit has found to be an adequate and independent state ground.  *LeCroy*, 421 F.3d at 1260 (3.850 Court's refusal to consider the defendant's issues that could have been raised on direct appeal as procedurally barred rested on an independent and adequate state ground that precludes federal habeas consideration of this issue).  As stated above, this Court cannot review a claim that was procedurally defaulted in state court.

Petitioner, however, did raise the IATC claim in Issue 7 of his 3.850 motion, ECF Doc. 22-6 at 232, and as Issue 1 in his appeal of the denial of that motion, ECF Doc. 22-7 at 213.  Thus, the undersigned will address the merits of that claim.

     2.    <u>Petitioner's IATC claim fails on its merits</u>.

In November 2011, just after Petitioner was arrested and charged with a crime, he volunteered for a psychosexual evaluation performed by Dr. Daniel Kitzerow. Dr. Kitzerow concluded Petitioner has a very low recidivism rate and stated, "There is very little evidence that he will seek out juveniles on the internet for the purpose of exchanging sexually-oriented text messages."  Am. Mot. to Vacate Judg. and

Sent. at 39, *State v. Kessler*, 2011 CF 2412 (docketed January 3, 2017).[10]

Petitioner argued to the state court, as he does here, that defense counsel erred by not using Dr. Kitzerow's report at trial. Petitioner contends the report shows that what occurred in this case was an isolated incident and would have rebutted efforts by the State to show he was predisposed to committing these crimes.

After hearing testimony from trial counsel and Petitioner, the state court applied *Strickland* and denied this claim in open court. ECF Doc. 22-7 at 184-90. The state court determined counsel's decision was a strategic one. *Id.* at 184 & 185-86. The court explained the pitfalls that could come with the introduction of expert testimony including creating a battle of the experts, which would remove reasonable doubt. *Id.* at 188-89. The court found counsel's decision was not deficient.

The court also found a lack of prejudice to Petitioner by counsel's decision. As the court explained, the evidence presented showed that what occurred was not an isolated incident. Given the multiple communications Petitioner had with Investigator Huston, believing him to be a 14-year old girl, the court determined "it

---

[10] The copy of the amended postconviction motion provided by Respondent is missing a portion of Issue 7. *See* ECF Doc. 22-7 at 58-60. Therefore, the Court will formally take judicial notice of the electronic version of this motion available from the online state docket and instruct the clerk to post as an exhibit to this Report and Recommendation a copy of just the 43-page motion itself from the state-court online docket. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2) ("We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them.").

would have been very difficult to argue effectively, that there was a lack of predisposition with four separate charges out there with a series of events underlying those charges." *Id.* at 189. Thus, the court concluded there was no prejudice because the result would not have been different. *Id.*

The state court's determination was neither contrary to law nor a misapplication of the facts. Counsel's strategic decision was within the range of competent performance of counsel. As defense counsel testified at the hearing, there were downsides associated with introducing risk for recidivism evidence to the jury. ECF Doc. 22-7 at 166. Counsel also testified he had been concerned that evidence about a possible prior episode would come in and destroy the defense's argument that this was a fluke and that Petitioner was not predisposed to meeting with minors. *Id.* at 174.

Petitioner bears the burden of proving counsel's performance was unreasonable under prevailing professional norms and the challenged action was not sound strategy. *Strickland*, 466 U.S. at 688-89. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Nance v. Warden, Georgia Diagnostic Prison*, 922 F.3d 1298, 1302 (11th Cir. 2019). "*Strickland* mandated one layer of deference to the decisions of trial counsel. . . . When § 2254(d) was amended by AEDPA in 1996, that added another layer." *Nance*, 922 F.3d at 1303. Given the deference due, it is a "rare case

in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." *Johnson v. Sec'y*, DOC, 643 F.3d 907, 911 (11th Cir. 2011). "[I]t is rarer still for merit to be found in a claim that challenges a strategic decision of counsel." *Nance*, 922 F.3d at 1303. This is not that rare case. Petitioner has not shown that defense counsel's decision was not a sound one.

Also, as the state court determined, Petitioner has not shown "a reasonable probability exists" that, had the testimony been offered, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 689. The evidence at trial showed that Petitioner responded to an ad in a sexually oriented forum asking if he wanted to be a female's "first." Although not definitive, this suggests the youth of the ad poster. Then, after he responded, Petitioner was told immediately that he was talking with a 14-year-old girl, ECF Doc. 22-2 at 160, and given an "out" or way to exit the encounter. Instead, Petitioner immediately commented that she was young but asked for a "pic to prove you are real and not cops." *Id.*

Indeed, Petitioner was given multiple opportunities to cease the conversation with the purported 14-year-old girl and did not take those opportunities. Instead, Petitioner re-engaged the conversation. Thus, the state court did not err in concluding that evidence of the multiple separate communications Petitioner had with Investigator Huston, believing him to be a 14-year old girl, was contrary to

Petitioner's argument that what occurred was a fluke incident – regardless of whether Dr. Kitzerow's opinion had been introduced at trial. Simply, the overwhelming weight of evidence showed that Petitioner persisted after being told that the person he was communicating with was underage despite the investigator giving him multiple opportunities to abandon the communication. Thus, Petitioner cannot show a different result would have been procured had defense counsel called an expert. Petitioner is not entitled to habeas relief on this Ground.

### D.   Ground Four: Several Aspects of Probation Have Nothing to Do with Petitioner's Crime

In Ground Four, Petitioner takes issue with the conditions of his sex offender probation, arguing that they are not related to the offense conduct. The undersigned finds that, while Petitioner has technically exhausted this claim because it is similar to a claim raised in a January 4, 2018 "Successive Motion to Correct Sentence," ECF Doc. 22-8 at 126, the claim raised there, as the one here, is based solely on state law.[11] Thus, Petitioner is not entitled to federal habeas review of this claim.

In Ground One of Petitioner's January 4, 2018 motion, Petitioner argued "the special sex offender provision[s] in Mr. Kessler's probation do not relate to the

---

[11] In the petition, Petitioner contends he exhausted this claim on appeal, but that is not correct. He also alleges he raised the claim in a 3.800 motion, but provides the date of decision as January 17, 2019. Based on a review of the docket, and a lack of any order entered January 17, 2019, the undersigned determined the order referred to by Petitioner was a January 17, 2018 order denying Petitioner's successive motion to correct sentence.

underlying convicted charges nor are they appropriate for the individual." ECF Doc. 22-8 at 126. He relied exclusively on state law cases, *Biller v. State*, 618 So.2d 734 (Fla. 1993), *Snow v. State*, 157 So.3d 559 (Fla 1st DCA 2014) and *Villanueva v. State*, 118 So.3d 99 (Fla. 3rd DCA 2013). The state court applied state law to each of Petitioner's 14 conditions and found that each was proper. ECF Doc. 22-8 at 165. Petitioner appealed that denial to the First DCA and the First DCA affirmed, *per curiam* and without written opinion on May 24, 2019. First DCA Case No.: 1D18-0391; ECF Doc. 22-9 at 32.

In the instant federal petition, Petitioner explicitly relies on the January 4 motion (which he wrongly called a petition) and argues that "per law in Florida" his probation conditions were improper. ECF Doc. 1 at 15. "[A] habeas petition grounded on issues of state law provides no basis for habeas relief." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (citing *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir.1983)). Petitioner's single reference in his reply that the state court and the FDOC "broke the petitioners the 5th Amendment and caused double jeopardy", ECF Doc. 29 at 20, does not transform this claim into one based on federal law, and even if it did, Petitioner would have failed to exhaust such a Fifth Amendment claim as Petitioner framed this issue solely as a state law issue when he presented it to the state courts.

Indeed, as stated above, the state court resolved the claim solely based on state

law.  "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *McCullough v. Singletary,* 967 F.2d 530, 535 (11th Cir.1992); *Holsey v. Thompson*, 462 F. App'x 915, 917 (11th Cir. 2012) (because Petitioner "relied on various Georgia cases and on an alleged change in the Georgia kidnapping statute . . . his claim is one of pure state law and is non-cognizable under federal habeas review.") (citing *McCullough*).  Thus, because Petitioner only raises state law issues in this ground, Petitioner demonstrates no basis for federal habeas corpus relief on this claim.

## IV.  CONCLUSION

### A.    Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted.  In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  Additionally, this Court must take into account the deferential standards prescribed by § 2254. *See id.*  Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing.  *See Schriro*, 550 U.S. at 474.

### B.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1.    The clerk shall correct the electronic docket to reflect that Ricky

Dixon is the proper respondent as he is the current Secretary of the Florida

Department of Corrections.

2.    The clerk shall attach a copy of the 43-page Amended Motion to Vacate

Judgment and Sentence from *State v. Kessler*, 2011 CF 2412 (docketed January 3,

2017).

It is further respectfully RECOMMENDED:

1.    That the amended petition under 28 U.S.C. § 2254, challenging his

conviction in the circuit court of Leon County, Florida, 2011 CF 3412, ECF Doc.

1, be DENIED without an evidentiary hearing.

2.    That a certificate of appealability be DENIED.

3.    That the clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of February, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed
**within fourteen (14) days** of the date of the Report and Recommendation. Any
different deadline that may appear on the electronic docket is for the court's internal

<u>use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.